## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY

| | | |
|---|---|---|
| CHAD FROBOS, | ) | |
| | ) | |
| On Behalf Of Himself And | ) | |
| All Other Persons Similarly Situated, | ) | Case No: <u>09-CV-2330</u> EFM/DWB |
| Plaintiffs, | ) | |
| vs. | ) | **<u>JURY DEMANDED</u>** |
| | ) | |
| TRANSAM TRUCKING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

Registered Agent:
Russ McElliott
15580 S. 169 Hwy.
 Olathe, KS 66062

---

## <u>PETITION FOR DAMAGES - CLASS ACTION</u>

**COMES NOW,** the Plaintiff, Chad Frobos, by and through his undersigned counsel, brings this action on behalf of himself and all other persons similarly situated for damages and relief under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216(b), an alternative representative action for violation of the Kansas Wage Payment Act, K.S.A. §§ 44-312-327, pursuant to FED. R. CIV. P. 23 and a representative action for violation of the Kansas Minimum Wage and Maximum Hours Law, K.S.A. §§ 44-1201-1213, pursuant to FED. R. CIV. P. 23 for each prospective class member.  For his class action complaint against this Defendant, Plaintiff, upon his personal knowledge as to his own acts and status, and upon information and belief as to all of the members, allege the following:

1

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Defendant as a collective action under 29 U.S.C. § 216(b) for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § .  In the alternative, Plaintiff brings a class action claim for violation of the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-314(d) pursuant to K.S.A. § 60-223. Additionally, plaintiff sets forth his class action claim for violations of the Kansas Minimum Wage and Maximum Hours Law ("KMWMHL"), K.S.A. § 44-1204 pursuant to K.S.A. § 60-223 for unpaid overtime compensation.

**PARTIES**

2. Plaintiff resides at 8551 Palmo Fish Camp Rd., St. Augustine, FL 32092 and was employed by Defendant as a "Company Driver" (i.e., any person driving a truck for Defendant whose relationship with Defendant is not subject to an independent contractor agreement).  Plaintiff was routinely required to work more than forty-six (46) hours per week.

3. Defendant Transam Trucking, Inc. ("Transam" or "Defendant") is a foreign corporation registered to do business within the State of Kansas and may be served through its Registered Agent, Russ McElliott, located at 15580 S. 169 Hwy., Olathe, KS 66062.   Transam is doing business within the state of Kansas and within the territorial jurisdiction of the court, and has employed plaintiff and all other persons

2

similarly situated.  At all relative times, Transam was engaged as an over-the-road freight carrier (i.e., trucking company).

## JURISDICTION AND VENUE

4.  This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

5.  The United States District Court for the District of Kansas has personal jurisdiction because the Defendant conducts business in Johnson County, Kansas, which is within this District.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant has offices, conducts business, has substantial business contacts  and can be found in the District of Kansas.  Also, the cause of action set forth herein has arisen and occurred in substantial part in the District of Kansas.

7.  The claims for violations of the KMWMHL and the KWPA are based upon the statutory law of the State of Kansas.

8.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendant state law claims because they arise out of the same nucleus of operative facts as the FLSA claim.

9.  All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

10. The liability evidence establishing all causes of action will be similar and no issues will predominate or create confusion to a jury.

11. Furthermore, this Court has original jurisdiction of the Plaintiff's state wage law claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Such jurisdiction is proper because Plaintiff has asserted a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure, the amount in controversy exceeds $5,000,000, and the Named Plaintiff, Chad Frobos, is not a citizen of Kansas.

12. This Court may also exercise original jurisdiction over the Plaintiff's state wage law claims pursuant to 28 U.S.C. § 1332(a). Such jurisdiction is proper because Plaintiff has asserted a civil action in which the amount in controversy exceeds $75,000 and the Named Plaintiff, Chad Frobos, and the Defendant are citizens of different states.

## CLASS ACTION ALLEGATIONS

13. Plaintiff hereby incorporates paragraphs 1 through 12 as though fully set forth herein.

14. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b); in that the claims of Plaintiffs are similar to the claims of the Putative Plaintiffs. Alternatively, however, the claims arising under the KMWMHL and KWPA as set forth below are properly maintainable as a class action under FED. R. CIV. P. 23.

15. With respect to the FLSA and the KWPA claims, the Putative Plaintiffs/Class Members are those current and former Company Drivers who were issued compensation via ComData Payroll Cards provided by Defendant.

16. At all relevant times, Defendant has had a policy and practice of providing compensation to its Company Drivers via ComData Payroll Cards that charged such

Company Drivers a transaction fee each time money was transferred or withdrawn from the ComData Payroll Card.

17. With respect to the KMWMHL claim, the Putative Plaintiffs/Class Members are those current and former Company Drivers who were suffered or permitted to work by Defendant while not paid overtime compensation for all hours worked in excess of forty-six hours in a workweek.

18. The Plaintiff and all others similarly situated regularly work in excess of forty-six (46) hours in a workweek.

19. At all relevant times, the Defendant has had policies, practices and procedures to fail and refuse to pay overtime premiums to the Plaintiff and all others similarly situated for hours worked in excess of forty-six (46) hours in a workweek and therefore, Defendant is in violation of the KMWMHL, K.S.A. § 44-1204(a).

20.  The members of the class are so numerous that joinder of all members is impractical. While the exact number of class members is unknown to plaintiff at the present time he believes the numbers of the class to be so numerous and geographically dispersed to render joinder of all class members in this action impractical.

21. There are common questions of law and fact arising in this action which are common to plaintiff and members of the class, including:

> a) Whether  plaintiff and all other persons similarly situated are entitled to overtime compensation under Kansas law;
>
> b) Whether the conduct of Defendant was willful;

       c)     The class-wide measure of damages.

22.    Plaintiff will fairly and adequately represent the interest of the members of the class.  Plaintiff has retained counsel who is competent and experienced in class action and complex litigation.  Plaintiff has no interest which is adverse to, or in conflict with, other members of the class.

23.    The common questions of law and fact arising in this action predominate over any questions solely affecting individual class members.  Without limiting the generality of the foregoing, the factual and legal issues concerning the scope and effects of Defendant' conduct alleged herein are:

       a)     Central to plaintiff's claim;

       b)     Substantially identical with respects to each plaintiff's burden of demonstrating liability; and

       c)     The most important and fundamental issues to be determined at trial.

24. The class action mechanism is superior to any alternatives that exist for the fair and efficient adjudication of this cause of action.  Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort and judicial resources.  A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.  Numerous repetitive individual actions would also place an enormous

burden on the courts as they are forced to take duplicative evidence and repetitively decide the same issues relating to the conduct of Defendant.

25. There are no unusual difficulties likely to be encountered in the management of the case as a class action and plaintiff and his counsel are not aware of any reason why this case should not proceed as a class action on the failure to pay overtime compensation claim.  Class members can be easily identified from the records of Defendant, which it is required by federal law to maintain, enabling class members to have their claims fairly adjudicated by the court.

26. Whenever reference in this complaint is made to any act or transaction by either Defendant, such allegation shall be deemed to mean the principals, officers, directors and employees, agents or representatives of Defendant committed, had knowledge of, performed, authorized, ratified, or directed such act or transaction on behalf of Defendant while actively engaged in the scope of their duties and responsibilities.

## COUNT I – *Fair Labor Standards Act*

27. As far as the factual allegations set forth above are applicable to the claims made in Count I, the Plaintiff hereby incorporates all of the above paragraphs in this Complaint as if fully set forth in this Count.

28. Plaintiff was employed by the Defendant.  During this time frame, Plaintiff performed work for Defendant in the position of Company Driver and was classified as an employee.

29. Prior to, during, and after the Plaintiff's employment with the Defendant, the Defendant employed, in Kansas and throughout the nation, numerous other individuals who had the same job duties and compensation structures as Plaintiff (the Putative Plaintiffs/Class Action Plaintiffs).

30. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by the Defendant as Company Drivers within three years from the commencement of this action and who have received compensation via ComData Payroll Cards and were charged transactional fees each time money was withdrawn or transferred from such ComData Payroll Cards.

31. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by the Putative Representative Action Plaintiffs because the claims of Plaintiff are similar to the claims of the Putative Plaintiffs of the representative action.

32. Plaintiff and the Putative Representative Action Plaintiffs are similarly situated, have substantially similar job requirements and pay provisions and are subject to Defendant's common policy and practice of paying compensation to Plaintiff and the Putative Representative Action Plaintiffs via a ComData Payroll Card which charged the Plaintiff and the Putative Class Action Plaintiffs a transaction fee each time money was withdrawn or transferred from the ComData Payroll Card, in violation of the FLSA.

33. The names and addresses of the putative members of the representative action are available from Defendant.  To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

34. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

35. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]" within the meaning of the FLSA, including each of the putative members of the FLSA representative action.

36. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

37. The FLSA requires each covered employer, such as the Defendant, to make compensation payments to its covered employees which are "free and clear" of all encumbrances and not subject to further deductions.  See 29 C.F.R. § 531.35.

38. Plaintiffs, and the putative members of the FLSA representative action, are entitled to receive compensation due them free and clear of all deductions or transactional charges associated with actual receipt of their money.

39. Defendant's failure to provide compensation to its employees which is free and clear of encumbrances is a direct violation of the FLSA.

40. Defendant's violation of the FLSA is continual in nature, in that Defendant continues to pay its Company Drivers under the same unlawful policies and procedures that are set forth in detail herein.

41. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

42. The Plaintiff, on behalf of himself and all others similarly situated, seeks damages in the amount of all deductions and transactional fees associated with the withdrawal or transfer of monies from the ComData Payroll Cards upon which their compensation was deposited by the Defendant, plus liquidated damages, recovery of all attorney fees, costs and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b) and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed putative members of the FLSA representative action, pray for relief as follows:

(a) Designation of this action as a collective action on behalf of the proposed putative members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b); and

(b) Designation of Plaintiff, Chad Frobos, as Representative Plaintiff of the proposed putative members of the FLSA representative action; and

(c) Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

(d) An award of damages for amounts wrongfully deducted or charged against the Plaintiff and the Putative Class Action Members in connection with withdrawals or transfers of monies from their ComData Payroll Cards, including liquidated damages, to be paid by Defendant; and/or

(e) Pre-judgment and Post-Judgment interest, as provided by law; and

(f) Any and all such other further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II – *Kansas Wage Payment Act*

43. As far as the factual allegations set forth above are applicable to the claims made in Count II, the Plaintiff hereby incorporated all of the above paragraphs in this Complaint as if fully set forth in this Count.

44. The Plaintiff, on behalf of himself and all others similarly situated, alternatively brings Count II under the KWPA for all pay periods and/or Company Drivers within the State of Kansas not governed by the FLSA for Defendant's violation of the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-313 *et seq.*

45. At all relevant times, Defendant has been, and will continue to be an, "employer" within the meaning of the KWPA, K.S.A. § 44-313(a).

11

46. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," within the meaning of the KWPA § 44-313(b), including Plaintiff and all others similarly situated.

47. At all relevant times, Defendant has had a policy and practice of violating K.S.A. § 44-314(d) by refusing to allow its Company Drivers to receive their compensation at no cost to the employee.

48. Defendant has violated and continues to violate the KWPA, K.S.A. § 44-314(d).

49. Class certification for claims under the KWPA is appropriate pursuant to FED. R. CIV. P. 23(a) in that:

    a. There are questions of law and fact arising in this action which are common to Plaintiff and the putative members of the Class, including: (i) Whether Defendant's pay plan and pay policies for the employees who work as Company Drivers violates their compensation rights afforded under the KWPA, K.S.A. § 44-313 *et seq.* (ii) Whether Defendant's conduct violated the KWPA; (iii) Whether Plaintiff and other members of the class have suffered damages as a result of Defendant's violation of the KWPA; and (iv) the class-wide measure of damages; and

    b. For all other relevant reasons set forth in this Complaint.

50. This class action is brought by the Plaintiff, on behalf of himself and all others similarly situated, for Defendant's failure to properly pay wages due under the KWPA, and is being brought pursuant to FED. R. CIV. P. 23(b)(2) and (b)(3).

51. Class certification of the respective Class is appropriate under FED. R. CIV. P. 23(b)(3) because a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

    a.  There is minimal interest of members of this class in individually controlling their prosecution of claims under the KWPA in that all claims will be similar in nature under the Court's analysis of the Defendant's pay plan and its compliance with these laws;

    b.  There is no known prior litigation being prosecuted against the Defendant by this class of employees for violations of the KWPA;

    c.  It is desirable to concentrate all litigation of these claims in this form within this Court since all class members were/are Kansas employees and all class members will have the same legal claims for violations of the KWPA;

    d.  There are no unusual difficulties likely to be encountered in the management of this case as a class action and Plaintiff and his counsel are not aware of any reason why this case should not proceed as a class action on the claim that Defendant violated the KWPA; and

    e.  Class members can be easily identified from Defendant's business records, enabling class members to have their claims fairly adjudicated by the court or enabling them to opt-out of this class.

13

52. Class certification is appropriate under FED. R. CIV. P. 23(b)(2) because Defendant has acted and refused to act on grounds generally applicable to the respective class members covered by the KWPA, thereby making class relief appropriate.

53. In the absence of a class action, the Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of the wrongful violation of the KWPA.

54. The Plaintiff has met the requirements of FED. R. CIV. P. 23(a), 23(b)(2) and 23(b)(3).

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed putative members, pray for relief as follows:

(a) Declaring and certifying this action as a proper class action under FED. R. CIV. P. 23 for the claim that Defendant violated the KWPA and naming Plaintiff, Chad Frobos, as the proper class representative;

(b) Declaring and determining that Defendant violated the KWPA by failing to properly pay compensation due the Plaintiff and the other members of the Class.;

(c) Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

(d) An award of damages for compensation due for the Plaintiff and the Putative members of the Class;

(e) Pre-judgment and Post-Judgment interest, as provided by law; and

(f) Any and all such other further legal and equitable relief as this Court deems necessary, just and proper.

14

## COUNT III – *Kansas Minimum Wage Maximum Hours Law*

55. As far as the factual allegations set forth above are applicable to the claims made in Count III, the Plaintiffs hereby incorporate all of the above paragraphs in this Complaint as if fully set forth in this Count.

56. The Plaintiff, on behalf of himself and all others similarly situated, brings Count III under the KMWMHL for failure to properly pay overtime compensation in the amount of one-and-one-half times the regular rate of pay for all hours worked in excess of forty-six hours in a workweek.

57. At all relevant times, Defendant has been, and will continue to be, an "employer" within the meaning of the KMWMHL, K.S.A. § 44-1202(d).

58. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," within the meaning of the KMWMHL, K.S.A. § 44-1202(e); including the Plaintiff and all others similarly situated.

59. The Plaintiff, on behalf of himself and all others similarly situated, brings a claim for Defendant's violation of the KMWMHL, K.S.A. § 44-1202 *et seq*.

60. The Plaintiffs, and all others similarly situated, have substantially similar job requirements and pay provisions, regularly work in excess of forty-six hours per week, and are subject to Defendant's common practice, policy, or plan of refusing to pay overtime in violation of the KMWMHL.

61. The KMWMHL requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one-and-one-half the regular rate

15

of pay for work performed in excess of forty-six hours in a work week as set forth in K.S.A. § 44-1204.

62. The Plaintiffs and the respective putative members of the KMWMHL representative action are not exempt from the right to receive overtime pay under the KMWMHL and are not exempt from the requirement that their employer pay them overtime compensation under the KMWMHL.

63. The Plaintiffs, and the putative members of the KMWMHL representative action, are entitled to be paid overtime compensation for all overtime hours worked.

64. At all relevant times, Defendant has had a policy and practice of failing and refusing to pay its Company Drivers overtime compensation, at a rate of not less than one-and-one-half the regular rate of pay, for work performed in excess of forty-six hours in a work week.

65. Defendant's pay practices and polices stated herein are in violation of the KMWMHL, K.S.A. § 44-1202, *et seq.,* including K.S.A. § 44-1204(a).

66. Defendant's violation of the KMWMHL is continual in nature; in that Defendant continues to pay its Company Drivers under the same unlawful policies and procedures that are set forth in detail herein.

67. Class certification for claims under the KMWMHL is appropriate pursuant to FED. R. CIV. P. 23(a) in that:

      a.  There are questions of law and fact arising in this action which are common to Plaintiff and putative members of the Class, including: (i)

Whether Defendant's pay plan and pay policies for the employees who work as Company Drivers violate the rights to overtime compensation afforded under the KMWMHL, K.S.A. § 44-1202 *et seq.*; (ii) Whether Defendant's conduct violated the KMWMHL; (iii) Whether Plaintiff and other members of the respective classes have suffered damages as a result of Defendant's violation of the KMWMHL; and (iv) the respective class-wide measure of damages; and

b. For all other relevant reasons set forth in this Complaint.

68. This class action is brought by the Plaintiff, on behalf of himself and all others similarly situated, for Defendant's failure to properly pay overtime compensation under the KMWMHL, and is being brought pursuant to FED. R. CIV. P. 23 (b)(2) and (b)(3).

69. Class certification of the respective Class is appropriate under FED. R. CIV. P. 23(b)(3) because a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

a.   There is minimal interest of members of this class in individually controlling  their prosecution of clams under the KMWMHL in that all claims will be similar in nature under the Court's analysis of the Defendant's pay plan and its compliance with these laws;

b. There is no known prior litigation being prosecuted against the Defendant by this class of employees for violations of the KMWMHL;

17

c.  It is desirable to concentrate all the litigation of these claims in this form within this Court since all class members work in Kansas and all class members will have the same legal claims for violations of the KMWMHL;

d.  There are no unusual difficulties likely to be encountered in the management of this case as a class action and Plaintiff and his counsel are not aware of any reason why this case should not proceed as a class action on the claim that Defendant violated the KMWMHL; and;

e.  Class members can be easily identified from Defendant's business records, enabling class members to have their claims fairly adjudicated by the court or enabling them to opt-out of this class.

70. Class certification is appropriate under FED. R. CIV. P. 23(b)(2) because Defendant has  acted and refused to act on grounds generally applicable to the respective class members covered by the KMWMHL, thereby making class relief appropriate.

71. In the absences of a class action, the Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of the wrongful violation of the KMWMHL.

72. The Plaintiff has met the requirements of FED. R. CIV. P. 23(a), 23(b)(2) and 23(b)(3).

**WHEREFORE**, plaintiff individually and on behalf of the members of the putative class described herein request that judgment be granted against Defendant:

(a)     Declaring and certifying this action as a proper class action under FED. R. CIV. P. 23 for the claim that Defendant violated the KMWMHL and naming Plaintiff, Chad Frobos as the proper class representative;

(b)     Declaring and determining that Defendant violated the KMWMHL by failing to properly pay overtime compensation due the Plaintiffs and all other members of the Class;

(c)     Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

(d)     An award of damages for overtime compensation due for the Plaintiff and the putative members of the Class;

(e)     Pre-Judgment and Post-Judgment interest, as provided by law; and

(f)     Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **Designated Place of Trial**

COMES NOW, Plaintiffs, by and through their counsel of record, and hereby designate the place of trial as follows: Kansas City, Kansas.

Respectfully submitted:

s/Michael F. Brady
Michael F. Brady      KS# 18630
10901 Lowell Avenue, Suite 280
Overland Park, KS 66210
(913) 696-0925
(913) 696-0468 (fax)
mbrady@mbradylaw.com
Brady & Associates
**Counsel for Plaintiff and All Other**
**Persons Similarly Situated**



s/Matthew E. Osman
Matthew E. Osman      KS# 23563
10901 Lowell Avenue, Suite 280
Overland Park, KS 66210
(913) 696-0925
(913) 696-0468 (fax)
mosman@mbradylaw.com
Brady & Associates
**Counsel for Plaintiff and All Other**
**Persons Similarly Situated**



## DEMAND FOR JURY TRIAL

COMES NOW, plaintiff and respectfully requests a trial by jury on all matters in controversy in the above captioned matter.

s/Michael F. Brady