## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHAD FROBOS
On Behalf Of Himself And
All Others Similarly Situated,

        *Plaintiff*,

vs.

        Case No. 09-cv-2330 EFM/DWB

TRANSAM TRUCKING, INC.,

        *Defendant*.

## MEMORANDUM AND ORDER

Plaintiff, Chad Frobos, has filed a class action on behalf of himself and all others similarly situated against Defendant, TransAm Trucking, Inc. ("TransAm"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), Kansas Wage Payment Act ("KWPA"), Kan. Stat. Ann. § 44-312, and the Kansas Minimum Wage Maximum Hours Act ("KMWMHA"), Kan. Stat. Ann. § 44-1201.  On September 11, 2009, Defendant filed a Motion to Dismiss (Doc. 12), seeking to dismiss the FLSA claim on the ground that it failed to state a claim, and the KWPA and KMWMHA claims on the ground that the Court lacked subject matter jurisdiction to hear them.  On October 16, 2009, the parties filed a stipulation of dismissal with prejudice of the FLSA claim (Doc. 18).  As a result, the only issue now before the Court is whether the Court has subject matter

-1-

jurisdiction over the KWPA and KMWMHA claims.  For the following reasons, the Court denies Defendant's motion.

## I. Background/Facts

TransAm is a trucking company that specializes in over-the-road freight delivery and employs both company and independent drivers.  It is incorporated in Missouri and has its principal place of business in Olathe, Kansas.  Mr. Frobos, a resident of Florida, drove for TransAm as an independent operator from September 14, 2007, to March 14, 2008.  He later became a company driver and drove in that capacity from March 14, 2008, to April 4, 2008.

On June 18, 2009, Mr. Frobos filed a complaint in this Court, alleging claims arising under the KWPA, KMWMHA, and FLSA.  Plaintiff contends that Defendant has violated the KWPA by refusing to allow company drivers to receive their compensation at no cost to the employee.  Plaintiff seeks to represent a class of company drivers on this claim.  Plaintiff further alleges that Defendant violated the KMWMHA by failing to pay overtime to company drivers for work performed in excess of forty-six hours in a week.[1]  Plaintiff also seeks to represent a class of company drivers on this claim.[2]  Lastly, Plaintiff asserted a FLSA claim.

In his complaint, Plaintiff states that, as a result of his assertion of a FLSA claim, the Court has supplemental jurisdiction over the KWPA and KMWMHA claims.  Plaintiff also contends that original jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1332(a), the general diversity jurisdiction statute, and 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA").  In support of his diversity jurisdiction claim, Plaintiff alleges  that the

---

[1]The KMWMHA only requires that overtime be paid for work performed in excess of forty-six hours.  *See* K.S.A. § 44-1204.

[2]Based on Plaintiff's complaint, it appears that the classes he seeks to represent are separate and distinct.

amount in controversy exceeds $75,000 and that the named Plaintiff and Defendant are citizens of different states.  In support of his CAFA jurisdiction claim, Plaintiff alleges that the amount in controversy exceeds $5,000,000, that this is a class action, and that the named Plaintiff is not a citizen of Kansas.

On September 11, 2009, Defendant filed a Motion to Dismiss, seeking to dismiss  the FLSA claim on the ground that it failed to state a claim and the KWPA and KMWMHA claims on the ground that the Court lacked subject matter jurisdiction to hear them.  On October 16, 2009, the parties filed a stipulation of dismissal with prejudice of the FLSA claim.  As a result, the only issue that remains is whether the Court has jurisdiction to entertain the state law claims. Defendant argues that the Court lacks jurisdiction because Plaintiff has failed to show that either of his state law claims can meet the requisite amount in controversy.  For the reasons stated below, the Court disagrees.

## II. Legal Standard

Federal courts may only exercise jurisdiction when specifically authorized to do so and must "dismiss the cause at any stage in the proceeding when it becomes apparent that subject matter jurisdiction is lacking."[3]  Because federal courts are courts of limited jurisdiction, the law imposes a presumption against their jurisdiction.[4]  Plaintiff has the burden of showing that jurisdiction is proper.[5]  "When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, the plaintiffs must show that it does not appear to a legal certainty that they cannot

---

[3] *Zhu v. Fed. Housing Fin. Bd.,* 389 F. Supp. 2d 1253, 1269 (D. Kan. 2005).

[4] *Id.*

[5] *Id.*

recover the jurisdiction amount."[6]  "A plaintiff's allegations in the complaint alone can be sufficient to make this showing."[7]  However, "[w]here the pleadings are found wanting, [the Court] may also review the record for evidence that diversity [jurisdiction] exist[s]."[8]

Here, Plaintiff contends that the Court has jurisdiction over the state law claims under either 28 U.S.C. § 1332(a) or 28 U.S.C. § 1332(d).[9]  Because the Court concludes that it has jurisdiction under section 1332(d), it need not address Plaintiff's argument that it also has jurisdiction under section 1332(a).

### III.  Analysis

Section 1332(d) jurisdiction exists if the following requirements are met: (1) there are 100 or more members in the proposed class, (2) over $5 million is in controversy, and (3) at least one defendant and one class-member are from different states.[10]  When computing the amount in

---

[6]*Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003).  "The legal certainty standard is very strict."  *Id.*  "Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction."  *Id.* at 1217.

[7]*Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000).

[8]*Penteco Corp. Ltd. Partnership–1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also Martinez v. Martinez*, 62 Fed Appx 309, 313 (10th Cir. 2003) (looking at the plaintiff's response to the defendant's motion to determine whether diversity jurisdiction existed); *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1162 (10th Cir. 1999) (same).

[9]In his response, Plaintiff does not argue that this Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) as a result of him asserting a FLSA claim.  However, even if he had, the Court would not exercise supplemental jurisdiction on that ground in this case.  Generally, when a district court dismisses federal claims, leaving only supplemental state law claims, the most common response has been to dismiss the state law claim or claims without prejudice.  *United States v. Botefuhr,* 309 F.3d 1263, 1273 (10th Cir. 2002).  Courts typically exercise this type of jurisdiction only in those cases in which, given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be best served by retaining jurisdiction.  *See Thatcher Enters. v. Cache County, Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).  Here, although some discovery has occurred, this case is at an early stage in the litigation.  Furthermore, Plaintiff has not advanced a compelling reason for this Court to exercise this type of jurisdiction. Therefore, in light of these facts, the Court declines to exercise supplemental jurisdiction based on Plaintiff's assertion of a FLSA claim.

[10]*Coffey v. Freeport, McMorman, Cooper, & Gold*, 581 F.3d 1240, 1243 (10th Cir. 2009).

controversy, the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum of $5 million.[11]

In his complaint, Plaintiff only alleges that this is a class action, the amount in controversy exceeds $5,000,000, and the named Plaintiff, Chad Frobos, is not a citizen of Kansas. These allegations are insufficient to satisfy Plaintiff's burden of showing that this Court has jurisdiction to entertain this case under section 1332(d). First, Plaintiff does not allege that either of the proposed classes has over 100 members.[12] Second, Plaintiff does not provide a damage estimate for either of the state law claims.[13] Third, Plaintiff has not plead facts that affirmatively and plausibly suggest that the jurisdictional amount can be met; rather, he has merely stated that the amount in controversy exceeds $5,000,000.[14] Because Plaintiff's complaint is insufficient to meet the legal certainty standard, the Court must look to the record to determine whether it has jurisdiction.[15]

---

[11]28 U.S.C. § 1332(d)(6).

[12]Defendant concedes in its reply, though, that the number of potential class members for the KMWHMA claim exceeds 100. Defendant estimates that the actual number of class members for the KMWHA claim is around 734.

[13]*See Sheldon v. Tara Khanai*, 2007 WL 4233628, at *12 (D. Kan. Nov., 29, 2007) (citing *LDCircuit, LLC v. Sprint Commc'ns Co.*, 364 F. Supp. 2d 1246, 1249 (D. Kan. 2005)).

[14]*See Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973) ("Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor. Merely asserting an amount in controversy equal to the minimum sum required does not entitle appellant to sue in federal court. He must allege sufficient damages to assure the district court that the jurisdictional requirement has not been thwarted by the simple expedient of inflating the complaintant's *ad damnum* clause." (internal footnotes and citations omitted)).

[15]Defendant argues that because Plaintiff's complaint is deficient this case must be dismissed. The Court disagrees. As this Circuit's precedent shows, when the plaintiff's complaint fails to satisfy the plaintiff's burden, the Court may look to the record to determine whether jurisdiction exists. *See, e.g., Penteco Corp. Ltd. Partnership–1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

After reviewing the record, the Court is satisfied that Plaintiff has met his burden, at least in regards to the KMWMHA claim.[16]  In both his response and sur-reply, Plaintiff has put forward numbers, which are based on information gathered from Defendant's website, a website sponsored by the Federal Motor Carrier Administration, and an affidavit provided by Defendant, that demonstrate that it is not legally certain that the KMWHMA claim cannot meet the jurisdictional floor for CAFA.[17]  Based on Plaintiff's numbers, it appears that Plaintiff and members of the KMWMHA class would only have had to work, on average, fifty-three hours a week in order for the jurisdictional amount to be met,[18] an amount that is neither impossible nor inconceivable.[19]  While Defendant quibbles with Plaintiff's calculations, the Court finds that it is not beyond a legal certainty that Plaintiff and the proposed class cannot recover more than $5,000,000, which is the requirement for granting a motion to dismiss for lack of subject-matter

---

[16]As pointed out by Defendant, there is nothing in Plaintiff's briefing that provides a basis for the Court to determine what the potential recovery is for the KWPA claim.

[17]The two primary numbers are the number of potential class members, 734, and the average amount of weekly compensation Defendant's drivers received, $730.  The first number is based on an affidavit submitted by Defendant.  The second is based on the following calculation: the number of miles Defendant's drivers drive a year, 146,000,000, which is listed at www.safer.fmcsa.dot.gov/, multiplied by the amount drivers earn per mile, $.30, which is advertised on Defendant's website, divided by the number of drivers that work for Defendant, 1,200, which is also listed at www.safer.fmcsa.dot.gov/, divided by fifty, the number of weeks Plaintiff claims Defendant's drivers drive in a year.

[18]Plaintiff begins by dividing the amount earned each week, $730, by fifty-three, which gives him an hourly wage of $13.77.  Next, Plaintiff divides the hourly wage by two to give him the overtime supplement rate, which is $6.88.  Plaintiff then multiples the overtime supplement rate by seven, the number of hours worked in excess of forty-six.  This gives him the amount of unpaid overtime per week, which is $48.19.  Plaintiff multiples this number by the number of weeks worked each year, 50, which gives a yearly total of unpaid overtime of $2409.75.  Lastly, Plaintiff multiples the yearly total by three, the number of years that the statute of limitations allows workers to recover for.  Based on this calculation, members of the class may be entitled to $7229.25 in unpaid overtime compensation.  After calculating the amount each member may be entitled to, Plaintiff then multiples this figure by the number of class members, 734.  The product of this multiplication is $5,306,269.50.

[19]Plaintiff states in his sur-reply that, based on information and belief, Plaintiff and the proposed class actually worked sixty hours in a seven day period, the maximum allowed under 49 C.F.R. § 395.3.

jurisdiction.[20]  As a result, the Court concludes that it has jurisdiction to hear the KMWMHA claim.

Because the Court has jurisdiction to entertain this claim, the Court will exercise supplemental jurisdiction over the KWPA claim.  The KWPA and KMWHMA claims arise out of a common nucleus of operative facts.  Furthermore, the exercise of supplemental jurisdiction over the KWPA claim is not inconsistent with the requirements of section 1332.  Therefore, the exercise of supplement jurisdiction is proper in this case.

The Court finds that it has jurisdiction to hear Plaintiff's case.  Accordingly, it denies Defendant's motion to dismiss.

**IT IS THEREFORE ORDERED** this 20th day of July 2010 that Defendant's Motion to Dismiss (Doc. 12) is hereby DENIED.

**IT IS SO ORDERED**.

<u>/s Eric F. Melgren</u>
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[20]*See Woodmen of World Life Ins.*, 342 F.3d at 1216 n.2 (defining certainty as: "Absence of doubt; accuracy; precision; definite.  The quality of being specific, accurate, and distinct." (quoting Black's Law Dictionary 225 (6th ed. 1990))).